MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANA LAURA CONDE MARTINEZ,
*individually and on behalf of others similarly*
*situated,*

                                                                                                **COMPLAINT**

                                         *Plaintiff*,

                        -against-                                          **COLLECTIVE ACTION UNDER**
                                                                                              **29 U.S.C. § 216(b)**

THE CRUS-Z FAMILY CORP.  (D/B/A THE
CRUS-Z FAMILY), ANDRES CRUZ , JUAN                      **ECF Case**
CARLOS MORA , and DAVID CRUZ ,

                                         *Defendants.*
-------------------------------------------------------X

          Plaintiff Ana Laura Conde Martinez ("Plaintiff Conde" or "Ms. Conde"), individually and

on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates,

P.C., upon her knowledge and belief, and as against The Crus-Z Family Corp. (d/b/a The Crus-Z

Family), ("Defendant Corporation"), Andres Cruz,  Juan Carlos Mora, and  David Cruz,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

          1.          Plaintiff Conde is a former employee of Defendants The Crus-Z Family Corp. (d/b/a

The Crus-Z Family), Andres Cruz, Juan Carlos Mora, and David Cruz.

          2.           Defendants own, operate, or control a Mexican restaurant, located at 87-09

Roosevelt Ave., Jackson Heights, NY 11372 under the name "The Crus-Z Family".

3.      Upon information and belief, individual Defendants Andres Cruz, Juan Carlos Mora, and David Cruz, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Conde was employed as a waitress at the restaurant located at 87-09 Roosevelt Ave., Jackson Heights, NY 11372.

5.      Plaintiff Conde was ostensibly employed as a waitress. However,  she was  required to spend a considerable part of her work day performing non-tipped duties, including but not limited to mopping and sweeping the floor restaurant, sweeping the sidewalk, cleaning the windows and the entrance door, cleaning the bathroom, taking out the garbage, arranging the chairs, cleaning the tables, checking the sauces, checking the water, washing the water containers, checking the refrigerators, restocking the fridges with beers, buying beers when needed, making coffee, arranging the plates, cups, spoons, forks, and napkins and helping putting together food orders for deliveries (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Conde worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Conde appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Conde the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.      Furthermore, Defendants repeatedly failed to pay Plaintiff Conde wages on a timely basis.

10.     Defendants employed and accounted for Plaintiff Conde as a waitress in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants paid Plaintiff Conde at a rate that was lower than the required tip-credit rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Conde's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Conde's actual duties in payroll records by designating her as a waitress instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Conde at the minimum wage rate and enabled them to pay her at the tip-credit rate (which they still failed to do).

14.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Conde's and other tipped employees' tips and made unlawful deductions from Plaintiff Conde's and other tipped employees' wages.

15.     Defendants' conduct extended beyond Plaintiff Conde to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Conde and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.     Plaintiff Conde now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New

York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiff Conde seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Conde's state law claims under 28 U.S.C. § 1367(a).

20.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican restaurant located in this district. Further, Plaintiff Conde was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

21.     Plaintiff Ana Laura Conde Martinez ("Plaintiff Conde" or "Ms. Conde") is an adult individual residing in Queens County, New York.

22.     Plaintiff Conde was employed by Defendants at "The Crus-Z Family" from approximately March 16, 2018 until on or about January 25, 2019.

23.     Plaintiff Conde consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

24.     At all relevant times, Defendants owned, operated, or controlled a Mexican restaurant, located at 87-09 Roosevelt Ave., Jackson Heights, NY 11372 under the name "The Crus-Z Family".

25.     Upon information and belief, The Crus-Z Family Corp. (d/b/a The Crus-Z Family) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 87-09 Roosevelt Ave., Jackson Heights, NY 11372.

26.     Defendant Andres Cruz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Andres Cruz is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Andres Cruz possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Conde, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Juan Carlos Mora is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Juan Carlos Mora is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Juan Carlos Mora possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Conde, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant David Cruz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Cruz is sued individually in

his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David Cruz possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Conde, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate a Mexican restaurant located in the Jackson Heights section of Queens in New York.

30.     Individual Defendants, Andres Cruz, Juan Carlos Mora, and David Cruz, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff Conde's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Conde, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiff Conde (and all similarly situated employees) and are Plaintiff Conde's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiff Conde and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendants Andres Cruz, Juan Carlos Mora, and David Cruz operate Defendant Corporation as either an alter ego of  themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiff Conde's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Conde, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Conde's services.

37.     In each year from 2018 until 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise are directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Conde is a former employee of Defendants who ostensibly was employed as a waitress. However, she spent over 20% of each shift performing the non-tipped duties described above.

40.     Plaintiff Conde seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ana Laura Conde Martinez*

41.     Plaintiff Conde was employed by Defendants from approximately March 16, 2018 until on or about January 25, 2019.

42.     Defendants ostensibly employed Plaintiff Conde as a waitress.

43.     However, Plaintiff Conde was also required to spend a significant portion of her work day performing the non-tipped duties described above.

44.     Although Plaintiff Conde ostensibly was employed as a waitress, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

45.     Plaintiff Conde regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Conde's work duties required neither discretion nor independent judgment.

47.     Throughout her employment with Defendants, Plaintiff Conde regularly worked in excess of 40 hours per week.

48.     From approximately March 16, 2018 until on or about April 27, 2018, Plaintiff Conde worked from approximately 10:00 a.m. until on or about 11:00 p.m., one day (either Thursdays or Mondays), from approximately 10:00 a.m. until on or about 11:00 p.m., Fridays, and from

approximately 9:00 a.m. until on or about 11:00 p.m., Saturdays and Sundays (typically 54 hours per week).

49.     From approximately April 28, 2018 until on or about November 17, 2018, Plaintiff Conde worked from approximately 10:00 a.m. until on or about 11:00 p.m., Fridays and from approximately 9:00 a.m. until on or about 11:00 p.m., Saturdays and Sundays (typically 41 hours per week).

50.     From approximately November 18, 2018 until on or about January 25, 2019, Plaintiff Conde worked from approximately 10:00 a.m. until on or about 11:00 p.m., Fridays and from approximately 8:00 a.m. until on or about 8:30 p.m., Saturdays and Sundays (typically 38 hours per week).

51.     Throughout her employment, Defendants paid Plaintiff Conde her wages in cash.

52.     From approximately March 16, 2018 until on or about June 2018, Defendants paid Plaintiff Conde a fixed salary of $50.00 per day.

53.     From approximately June 2018 until on or about January 25, 2019, Defendants paid Plaintiff Conde a fixed salary of $60.00 per day.

54.     Plaintiff Conde's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

55.     For example, Defendants required Plaintiff Conde to work an additional 30 to 45 minutes past her scheduled departure time two days per week, and did not pay her for the additional time she worked.

56.     Defendants never granted Plaintiff Conde any breaks or meal periods of any kind.

57.     Plaintiff Conde was never notified by Defendants that her tips were being included as an offset for wages.

58.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Conde's wages.

59.     Defendants withheld a portion of Plaintiff Conde's tips; specifically, Defendants withheld approximately $10 per day of her tips.

60.     Plaintiff Conde was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

61.     Defendants took improper and illegal deductions from Plaintiff Conde's wages; specifically, Defendants deducted $7 to $11 from Plaintiff Conde's daily pay, when there was money missing from the register.

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Conde regarding overtime and wages under the FLSA and NYLL.

63.     Defendants did not provide Plaintiff Conde an accurate statement of wages, as required by NYLL 195(3).

64.     Defendants did not give any notice to Plaintiff Conde, in English and in Spanish (Plaintiff Conde's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants required Plaintiff Conde to purchase "tools of the trade" with her own funds—including one apron, one hat, two pair of shoes, two dress pants, and two black blouses.

*Defendants' General Employment Practices*

66.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Conde (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

67.     Plaintiff Conde was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

68.     Defendants' pay practices resulted in Plaintiff Conde not receiving payment for all her hours worked, and resulted in Plaintiff Conde's effective rate of pay falling below the required minimum wage rate.

69.     Defendants habitually required Plaintiff Conde to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

70.     Defendants required Plaintiff Conde and all other waitresses to perform general non-tipped tasks in addition to their primary duties as waitresses.

71.     Plaintiff Conde and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

72.     Plaintiff Conde's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

73.     Plaintiff Conde and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

74.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Conde's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

75.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

76.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.     In violation of federal and state law as codified above, Defendants classified Plaintiff Conde and other tipped workers as tipped employees, and paid them at a rate that was lower than

the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.     Defendants failed to inform Plaintiff Conde who received tips that Defendants intended to take a deduction against Plaintiff Conde's earned wages for tip income, as required by the NYLL before any deduction may be taken.

79.     Defendants failed to inform Plaintiff Conde who received tips, that her tips were being credited towards the payment of the minimum wage.

80.     Defendants failed to maintain a record of tips earned by Plaintiff Conde who worked as a waitress for the tips she received.

81.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Conde, who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Conde of a portion of the tips earned during the course of employment.

82.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Conde, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

83.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either, allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

84.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

85.     Defendants paid Plaintiff Conde her wages in cash.

86.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

87.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Conde (and similarly situated individuals) worked, and to avoid paying Plaintiff Conde properly for her full hours worked.

88.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

89.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Conde and other similarly situated former workers.

90.     Defendants failed to provide Plaintiff  Conde and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

91.     Defendants failed to provide Plaintiff Conde and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

92.     Plaintiff Conde brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

93.     At all relevant times, Plaintiff Conde and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

94.     The claims of Plaintiff Conde stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

95.     Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiff Conde's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Conde (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

97.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

98.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

99.     Defendants failed to pay Plaintiff Conde (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

100.     Defendants' failure to pay Plaintiff Conde (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

101.     Plaintiff Conde (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

102.     Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

103.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Conde (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

104.     Defendants' failure to pay Plaintiff Conde (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

105.     Plaintiff Conde (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

106.     Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

107.     At all times relevant to this action, Defendants were Plaintiff Conde's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiff Conde, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

108.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Conde less than the minimum wage.

109.    Defendants' failure to pay Plaintiff Conde the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiff Conde was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

111.    Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

112.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Conde  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

113.    Defendants' failure to pay Plaintiff Conde overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

114.    Plaintiff Conde was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

115.    Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

116.    Defendants failed to pay Plaintiff Conde one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Conde's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

117.    Defendants' failure to pay Plaintiff Conde an additional hour's pay for each day Plaintiff Conde's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

118.    Plaintiff Conde was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

119.     Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

120.    Defendants failed to provide Plaintiff Conde with a written notice, in English and in Spanish (Plaintiff Conde's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

121.    Defendants are liable to Plaintiff Conde in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

122.     Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

123.     With each payment of wages, Defendants failed to provide Plaintiff Conde with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

124.     Defendants are liable to Plaintiff Conde in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

125.     Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

126.     Defendants required Plaintiff Conde to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

127.     Plaintiff Conde was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

128.     Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

129.    At all relevant times, Defendants were Plaintiff Conde's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

130.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

131.    Defendants unlawfully misappropriated a portion of Plaintiff Conde's tips that were received from customers.

132.    Defendants knowingly and intentionally retained a portion of Plaintiff Conde's tips in violations of the NYLL and supporting Department of Labor Regulations.

133.    Plaintiff Conde was damaged in an amount to be determined at trial.

**TENTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

134.    Plaintiff Conde repeats and realleges all paragraphs above as though set forth fully herein.

135.    At all relevant times, Defendants were Plaintiff Conde's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

136.    Defendants made unlawful deductions from Plaintiff Conde's wages; specifically, Defendants deducted from $7 to $11 from Plaintiff Conde's daily pay, when there was money missing from the register.

137.    The deductions made from Plaintiff Conde's wages were not authorized or required by law.

138.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Conde's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and

supporting New York State regulations.

139.    Plaintiff Conde was damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

140.    Plaintiff Conde repeats and realleges all paragraphs above as though set forth fully herein.

141.    Defendants did not pay Plaintiff Conde on a regular weekly basis, in violation of NYLL §191.

142.    Defendants are liable to Plaintiff Conde in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Conde respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Conde and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Conde and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Conde's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Conde and the FLSA Class members;

(f)     Awarding Plaintiff Conde and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Conde and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Conde;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Conde;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Conde;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Conde;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Conde's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Conde;

(n)     Awarding Plaintiff Conde damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiff Conde damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Conde liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Conde and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Conde and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

 Plaintiff Conde demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       January 30, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace      
          Michael Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620
          *Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 28, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Ana Laura Conde Martinez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 _____

Date / Fecha:                      28 de enero 2019 _____

*Certified as a minority-owned business in the State of New York*