**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANA LAURA CONDE MARTINEZ, *individually and on behalf of others similarly situated,*<br><br>                                   *Plaintiff,*<br><br>           -against-<br><br>THE CRUS-Z FAMILY CORP. (D/B/A THE CRUS-Z FAMILY), ANDRES CRUZ, JUAN CARLOS MORA, and DAVID CRUZ,<br><br>                                   *Defendants.* | **Case No. 1:19-cv-00571-FB-PK**<br><br>**ANSWER** |

Defendants THE CRUS-Z FAMILY CORP. (D/B/A THE CRUS-Z FAMILY) (hereinafter, "Crus-Z Family"), ANDRES CRUZ (hereinafter, "A. Cruz"), and DAVID CRUZ (hereinafter, "D. Cruz") (collectively, "Cruz Defendants"), by and through their attorneys, Jones Law Firm, P.C., as and for their Answer to the Complaint filed by ANA LAURA CONDE MARTINEZ (hereinafter, "Plaintiff"), on behalf of herself and all others similarly situated, hereby responds as follows:

**NATURE OF THE ACTION**

1.        Deny the allegations set forth in paragraph 1 of the Complaint.

2.        Admit the allegations set forth in paragraph 2 of the Complaint as they relate to Defendants Crus-Z Family and A. Cruz, but deny the allegations set forth in paragraph 2 of the Complaint as they relate to Defendant D. Cruz and Co-Defendant Juan Carlos Mora.

3.        Deny the allegations set forth in paragraph 3 of the Complaint.

4.        Deny the allegations set forth in paragraph 4 of the Complaint.

5.        Deny the allegations set forth in paragraph 5 of the Complaint.

6.        Deny the allegations set forth in paragraph 6 of the Complaint.

1

7.      Deny the allegations set forth in paragraph 7 of the Complaint.

8.      The allegations set forth in paragraph 8 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 8 of the Complaint as they relate to the Cruz Defendants.

9.      Deny the allegations set forth in paragraph 9 of the Complaint as they relate to the Cruz Defendants.

10.     Deny the allegations set forth in paragraph 10 of the Complaint as they relate to the Cruz Defendants.

11.     The allegations set forth in paragraph 11 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 11 of the Complaint as they relate to the Cruz Defendants.

12.     The allegations set forth in paragraph 12 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 12 of the Complaint as they relate to the Cruz Defendants.

13.     Deny the allegations set forth in paragraph 13 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

14.     Deny the allegations set forth in paragraph 14 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

15.     Deny the allegations set forth in paragraph 15 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

16.     The allegations set forth in paragraph 16 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 16 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

17.     Admit that Plaintiff purports to complain on behalf of herself and other similarly situated individuals for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs, but deny that Plaintiff is entitled to the relief sought.

18.     Admit that Plaintiff seeks certification of this action as a collective action on behalf of herself, individual, and all other similarly situated employees and former employees pursuant to 29 U.S.C. § 216(b), but deny that Plaintiff is entitled to relief sought.

## JURISDICTION AND VENUE

19.     The allegations set forth in paragraph 19 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

20.     The allegations set forth in paragraph 20 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

## PARTIES

### *Plaintiff*

21.     Admit that Plaintiff is an adult individual but deny knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in paragraph 21 of the Complaint.

22.     Deny the allegations set forth in paragraph 22 of the Complaint.

23.     Admit that Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b), but deny that Plaintiff is entitled to the relief sought.

*Defendants*

24.     Admit the allegations set forth in paragraph 24 of the Complaint as they relate to Crus-Z Family and A. Cruz, but deny the allegations set forth in paragraph 24 of the Complaint as they relate to D. Cruz.

25.     Admit the allegations set forth in paragraph 25 of the Complaint.

26.     Admit the allegations set forth in paragraph 26 of the Complaint.

27.     Deny the allegations set forth in paragraph 27 of the Complaint.

28.     Deny the allegations set forth in paragraph 28 of the Complaint.

## **FACTUAL ALLEGATIONS**

29.     Admit the allegations set forth in paragraph 29 of the Complaint as they relate to Crus-Z Family and A. Cruz, but deny the allegations as they relate to D. Cruz.

30.     Admit the allegations set forth in paragraph 30 of the Complaint as they relate to A. Cruz, but further deny the other allegations set forth in paragraph 30 of the Complaint.

31.     The allegations set forth in paragraph 31 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 31.

32.     Deny the allegations set forth in paragraph 32 of the Complaint as they relate to the Cruz Defendants.

33.     The allegations set forth in paragraph 33 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 33 of the Complaint as they relate to the Cruz Defendants.

34.     The allegations set forth in paragraph 34 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 34 of the Complaint as they relate to the Cruz Defendants.

35.     The allegations set forth in paragraph 35 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 35 of the Complaint as they relate to the Cruz Defendants.

36.     The allegations set forth in paragraph 36 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 36 of the Complaint as they relate to the Cruz Defendants.

37.     Deny the allegations set forth in paragraph 37 of the Complaint as they relate to the Cruz Defendants.

38.     The allegations set forth in paragraph 38 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 38 of the Complaint as they relate to the Cruz Defendants.

*Individual Plaintiff*

39.     Deny the allegations set forth in paragraph 39 of the Complaint.

40.         Admit that Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b), but deny that Plaintiff is entitled to the relief sought.

*Plaintiff Ana Laura Conde Martinez*

41.         Deny the allegations set forth in paragraph 41 of the Complaint.

42.         Admit the allegations set forth in paragraph 42 of the Complaint to the extent that Plaintiff was paid wages but refused to provide the necessary documentation to be added to payroll as an employee, otherwise deny.

43.         Deny the allegations set forth in paragraph 43 of the Complaint.

44.         Deny the allegations set forth in paragraph 44 of the Complaint.

45.         Deny the allegations set forth in paragraph 45 of the Complaint.

46.         Deny the allegations set forth in paragraph 46 of the Complaint.

47.         Deny the allegations set forth in paragraph 47 of the Complaint as they relate to the Cruz Defendants.

48.         Deny the allegations set forth in paragraph 48 of the Complaint.

49.         Deny the allegations set forth in paragraph 49 of the Complaint.

50.         Deny the allegations set forth in paragraph 50 of the Complaint.

51.         Admit the allegations set forth in paragraph 51 of the Complaint to the extent that Plaintiff was paid in cash for the brief period of her training and work performed, otherwise deny.

52.         Deny the allegations set forth in paragraph 52 of the Complaint as they relate to the Cruz Defendants.

53.         Deny the allegations set forth in paragraph 53 of the Complaint as they relate to the Cruz Defendants.

54.         Deny the allegations set forth in paragraph 54 of the Complaint.

55.    Deny the allegations set forth in paragraph 55 of the Complaint as they relate to the Cruz Defendants.

56.    Deny the allegations set forth in paragraph 56 of the Complaint as they relate to the Cruz Defendants.

57.    The allegations set forth in paragraph 57 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 57 of the Complaint as they relate to the Cruz Defendants.

58.    Deny the allegations set forth in paragraph 58 of the Complaint as they relate to the Cruz Defendants.

59.    Deny the allegations set forth in paragraph 59 of the Complaint as they relate to the Cruz Defendants.

60.    Deny the allegations set forth in paragraph 60 of the Complaint as they relate to the Cruz Defendants.

61.    Deny the allegations set forth in paragraph 61 of the Complaint as they relate to the Cruz Defendants.

62.    The allegations set forth in paragraph 62 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants admit the allegations set forth in paragraph 62 of the Complaint as they relate to the Cruz Defendants.

63.    The allegations set forth in paragraph 63 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 63 of the Complaint as they relate to the Cruz Defendants.

64.     The allegations set forth in paragraph 64 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants admit the allegations set forth in paragraph 64 of the Complaint as they relate to the Cruz Defendants.

65.     Deny the allegations set forth in paragraph 65 of the Complaint as they relate to the Cruz Defendants.

*Defendants' General Employment Practices*

66.     The allegations set forth in paragraph 66 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 66 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

67.     The allegations set forth in paragraph 67 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 67 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

68.     The allegations set forth in paragraph 68 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 68 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

69.     Deny the allegations set forth in paragraph 69 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

70.     Deny the allegations set forth in paragraph 70 of the Complaint as they relate to the Cruz Defendants.

71.    Deny the allegations set forth in paragraph 71 of the Complaint as they relate to the Cruz Defendants.

72.    Deny the allegations set forth in paragraph 72 of the Complaint as they relate to the Cruz Defendants.

73.    The allegations set forth in paragraph 73 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 73 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

74.    The allegations set forth in paragraph 74 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 74 of the Complaint as they relate to the Cruz Defendants.

75.    The allegations set forth in paragraph 75 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

76.    The allegations set forth in paragraph 76 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

77.    The allegations set forth in paragraph 77 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 77 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

78.    The allegations set forth in paragraph 78 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 78 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

79.     Deny the allegations set forth in paragraph 79 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

80.     Admit the allegations set forth in paragraph 80 of the Complaint to the extent that the Cruz Defendants failed to maintain a record of tips earned by Plaintiff, but deny the other allegations set forth in paragraph 80 of the Complaint insofar as Plaintiff was paid wages but refused to provide the necessary documentation to be added to payroll as an employee.

81.     The allegations set forth in paragraph 81 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 81 of the Complaint as they relate to the Cruz Defendants, and further deny any assumptions underlying said allegations.

82.     The allegations set forth in paragraph 82 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 82 of the Complaint as they relate to the Cruz Defendants, and further deny any assumptions underlying said allegations.

83.     The allegations set forth in paragraph 83 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required.

84.     The allegations set forth in paragraph 84 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 84 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

85.     Admit the allegations set forth in paragraph 85 of the Complaint as they relate to the Cruz Defendants.

86.     The allegations set forth in paragraph 86 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz

Defendants deny the allegations set forth in paragraph 86 of the Complaint as they relate to the Cruz Defendants.

87.     Deny the allegations set forth in paragraph 87 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

88.     The allegations set forth in paragraph 88 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 88 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

89.     The allegations set forth in paragraph 89 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 89 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

90.     The allegations set forth in paragraph 90 constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants admit the allegations set forth in paragraph 90 of the Complaint as they relate to the Cruz Defendants.

91.     The allegations set forth in paragraph 91 constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants admit the allegations set forth in paragraph 91 of the Complaint as they relate to the Cruz Defendants.

## FLSA COLLECTIVE ACTION CLAIMS

92.     Neither admit nor deny the allegations set forth in paragraph 92 of the Complaint inasmuch as said paragraph does not contain any allegations which require Cruz Defendants to respond, except admit that Plaintiff purports to "bring her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class

members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period")," but deny that Plaintiff is entitled to the relief sought.

93.     The allegations set forth in paragraph 93 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 93 of the Complaint as they relate to the Cruz Defendants and further deny any assumptions underlying said allegations.

94.     The allegations set forth in paragraph 94 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 94 of the Complaint as they relate to the Cruz Defendants.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

95.     In response to the allegations set forth in paragraph 95 of the Complaint, Cruz Defendants repeat and reallege their responses to paragraphs 1 through 94 of the Complaint as if each were fully set forth herein.

96.     The allegations set forth in paragraph 96 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny them.

97.     The allegations set forth in paragraph 97 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 97 of the Complaint as they relate to Cruz Defendants.

98.     The allegations set forth in paragraph 98 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 98 of the Complaint as they relate to Cruz Defendants.

99.     The allegations set forth in paragraph 99 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 99 of the Complaint as they relate to Cruz Defendants.

100.    The allegations set forth in paragraph 100 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 100 of the Complaint as they relate to Cruz Defendants and further deny any assumptions underlying said allegations.

101.    The allegations set forth in paragraph 101 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 101 of the Complaint as they relate to Cruz Defendants.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

102.    In response to the allegations set forth in paragraph 102 of the Complaint, Cruz Defendants repeat and reallege their responses to paragraphs 1 through 101 of the Complaint as if each were fully set forth herein.

103.    The allegations set forth in paragraph 103 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz

Defendants deny the allegations set forth in paragraph 103 of the Complaint as they relate to Cruz Defendants.

104.      The allegations set forth in paragraph 104 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 104 of the Complaint as they relate to Cruz Defendants and further deny any assumptions underlying said allegations.

105.      The allegations set forth in paragraph 105 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 105 of the Complaint as they relate to Cruz Defendants.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

106.      In response to the allegations set forth in paragraph 106 of the Complaint, Cruz Defendants repeat and reallege their responses to paragraphs 1 through 105 of the Complaint as if each were fully set forth herein.

107.      The allegations set forth in paragraph 107 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny them.

108.      The allegations set forth in paragraph 108 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 108 of the Complaint as they relate to Cruz Defendants.

109.      The allegations set forth in paragraph 109 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz

Defendants deny the allegations set forth in paragraph 109 of the Complaint as they relate to Cruz Defendants and further deny any assumptions underlying said allegations.

110.     The allegations set forth in paragraph 110 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 110 of the Complaint as they relate to Cruz Defendants.

<u>**FOURTH CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW**

111.     In response to the allegations set forth in paragraph 111 of the Complaint, Cruz Defendants repeat and reallege their responses to paragraphs 1 through 110 of the Complaint as if each were fully set forth herein.

112.     The allegations set forth in paragraph 112 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 112 of the Complaint as they relate to Cruz Defendants.

113.     The allegations set forth in paragraph 113 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 113 of the Complaint as they relate to Cruz Defendants and further deny any assumptions underlying said allegations.

114.     The allegations set forth in paragraph 114 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 114 of the Complaint as they relate to Cruz Defendants.

<u>**FIFTH CAUSE OF ACTION**</u>

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK
COMMISSIONER OF LABOR**

115.      In response to the allegations set forth in paragraph 115 of the Complaint, Cruz
Defendants repeat and reallege their responses to paragraphs 1 through 114 of the Complaint as if
each were fully set forth herein.

116.      The allegations set forth in paragraph 116 of the Complaint constitute legal
conclusions which require neither an admission nor a denial, but if a response is required, Cruz
Defendants deny the allegations set forth in paragraph 116 of the Complaint as they relate to Cruz
Defendants.

117.      The allegations set forth in paragraph 117 of the Complaint constitute legal
conclusions which require neither an admission nor a denial, but if a response is required, Cruz
Defendants deny the allegations set forth in paragraph 117 of the Complaint as they relate to Cruz
Defendants and further deny any assumptions underlying said allegations.

118.      The allegations set forth in paragraph 118 of the Complaint constitute legal
conclusions which require neither an admission nor a denial, but if a response is required, Cruz
Defendants deny the allegations set forth in paragraph 118 of the Complaint as they relate to Cruz
Defendants.

<u>**SIXTH CAUSE OF ACTION**</u>

**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE
NEW YORK LABOR LAW**

119.      In response to the allegations set forth in paragraph 119 of the Complaint, Cruz
Defendants repeat and reallege their responses to paragraphs 1 through 118 of the Complaint as if
each were fully set forth herein.

120.      The allegations set forth in paragraph 120 of the Complaint constitute legal
conclusions which require neither an admission nor a denial, but if a response is required, Cruz

Defendants admit the allegations set forth in paragraph 120 of the Complaint as they relate to Cruz Defendants.

121.     The allegations set forth in paragraph 121 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 121 of the Complaint as they relate to Cruz Defendants.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

122.     In response to the allegations set forth in paragraph 122 of the Complaint, Cruz Defendants repeat and reallege their responses to paragraphs 1 through 121 of the Complaint as if each were fully set forth herein.

123.     The allegations set forth in paragraph 123 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants admit the allegations set forth in paragraph 123 of the Complaint as they relate to Cruz Defendants.

124.     The allegations set forth in paragraph 124 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 124 of the Complaint as they relate to Cruz Defendants.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

125.     In response to the allegations set forth in paragraph 125 of the Complaint, Cruz Defendants repeat and reallege their responses to paragraphs 1 through 124 of the Complaint as if each were fully set forth herein.

126.     The allegations set forth in paragraph 126 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 126 of the Complaint as they relate to Cruz Defendants.

127.     The allegations set forth in paragraph 127 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 127 of the Complaint as they relate to Cruz Defendants.

<u>**NINTH CAUSE OF ACTION**</u>

**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW**

128.     In response to the allegations set forth in paragraph 128 of the Complaint, Cruz Defendants repeat and reallege their responses to paragraphs 1 through 127 of the Complaint as if each were fully set forth herein.

129.     The allegations set forth in paragraph 129 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny them.

130.     The allegations set forth in paragraph 130 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

131.     The allegations set forth in paragraph 131 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 131 of the Complaint as they relate to Cruz Defendants and further deny any assumptions underlying said allegations.

132.     The allegations set forth in paragraph 132 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 132 of the Complaint as they relate to Cruz Defendants and further deny any assumptions underlying said allegations.

133.     The allegations set forth in paragraph 133 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 133 of the Complaint as they relate to Cruz Defendants.

## TENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF THE NEW YORK LABOR LAW

134.     In response to the allegations set forth in paragraph 134 of the Complaint, Cruz Defendants repeat and reallege their responses to paragraphs 1 through 133 of the Complaint as if each were fully set forth herein.

135.     The allegations set forth in paragraph 135 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny them.

136.     The allegations set forth in paragraph 136 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 136 of the Complaint as they relate to Cruz Defendants and further deny any assumptions underlying said allegations.

137.     The allegations set forth in paragraph 137 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 137 of the Complaint as they relate to Cruz Defendants and further deny any assumptions underlying said allegations.

138.     The allegations set forth in paragraph 138 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 138 of the Complaint as they relate to Cruz Defendants and further deny any assumptions underlying said allegations.

139.     The allegations set forth in paragraph 139 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 139 of the Complaint as they relate to Cruz Defendants.

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW

140.     In response to the allegations set forth in paragraph 140 of the Complaint, Cruz Defendants repeat and reallege their responses to paragraphs 1 through 139 of the Complaint as if each were fully set forth herein.

141.     The allegations set forth in paragraph 141 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 141 of the Complaint as they relate to Cruz Defendants.

142.     The allegations set forth in paragraph 142 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Cruz Defendants deny the allegations set forth in paragraph 142 of the Complaint as they relate to Cruz Defendants.

## PRAYER FOR RELIEF

Deny that Plaintiff and the purported FLSA Plaintiffs are entitled to any of the relief

described in the "WHEREFORE" clause of the Complaint, including sub-paragraphs (a) through (t) thereof.

Deny each and every allegation in the Complaint not expressly admitted to herein.

## AFFIRMATIVE DEFENSES

Cruz Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law. These defenses may also apply to the claims of some or all of the purported FLSA Plaintiffs and Class Action Plaintiffs.

## FIRST DEFENSE

1.       The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

2.       Cruz Defendants are not proper defendants in this action as they were not Plaintiff's "employer" within the scope of the Fair Labor Standards Act or the New York State Labor Law.

## THIRD DEFENSE

3.       To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

## FOURTH DEFENSE

4.       Cruz Defendants, at all times, acted in good faith to comply with the FLSA and the New York State Labor Law, and with reasonable grounds to believe that their actions did

not violate the statutes cited in the Complaint, and so, Cruz Defendants assert good faith as a defense to any claim by Plaintiff for liquidated damages.

## FIFTH DEFENSE

5.        Cruz Defendants, at all times, acted with a lack of willfulness or intent to violate the FLSA or any other statutes cited in the Complaint, and so, Plaintiff cannot establish a willful violation.

## SIXTH DEFENSE

6.        Plaintiff's claims are barred, in whole or in part, because any acts or omissions giving rise to this action were done in good faith, and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or New York State Labor Law.

## SEVENTH DEFENSE

7.        Plaintiff's claims are barred, in whole or in part, because actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## EIGHTH DEFENSE

8.        Plaintiff's claims are barred to the extent that Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## NINTH DEFENSE

9.        If Plaintiff succeeds in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiff, Cruz Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those

amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages.

## TENTH DEFENSE

10.     Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and New York State Labor Law.

## ELEVENTH DEFENSE

11.     Plaintiff's claims are barred by equitable defenses including unclean hands, *in pari delicto* and/or laches.

## TWELFTH DEFENSE

12.     Neither liquidated damages or attorneys' fees may be awarded under New York State Labor Law § 198 on a claim for spread of hours pay because spread of hours pay is neither a wage nor a wage supplement.

## THIRTEENTH DEFENSE

13.     The Complaint fails to state a claim upon which prejudgment interest may be granted.

## FOURTEENTH DEFENSE

14.     In addition to the foregoing defenses, Cruz Defendants reserve the right to amend their Answer to the Complaint to raise up any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff.

WHEREFORE, Cruz Defendants request judgment against Plaintiff with respect to her claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Cruz Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated: May 23, 2019
        New York, New York

John J. Thompson, Esq.
Jones Law Firm, P.C.
450 Seventh Avenue, Suite 1408
New York, New York 10123
(212) 258-0685
john.t@joneslawnyc.com
*Attorneys for Defendants The Crus-Z Family Corp. (d/b/a The Crus-Z Family), Andres Cruz, and David Cruz*